# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| **IN RE INTEL CORPORATION SHAREHOLDER DERIVATIVE LITIGATION** | CASE NO. 18-cv-01489-YGR<br><br>**ORDER RE: PLAINTIFFS' NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE AND DEFENDANTS' REQUEST FOR DISMISSAL WITH PREJUDICE**<br><br>Re: Dkt. Nos. 50, 52 |

The issue presented concerns the application of the two-dismissal rule under Federal Rule of Civil Procedure 41(a)(1)(B) to consolidated derivative actions. Here, in response to plaintiffs' ("federal-case plaintiffs") notice of voluntary dismissal of the above-captioned case (the "federal case") without prejudice, (Dkt. No. 50 ("Notice")), defendants and nominal defendant (together, "federal-case defendants") request that the Court order the dismissal to be *with prejudice*. Federal-case plaintiffs and intervenor Joseph Tola, on behalf of the plaintiffs in a related state court action, *In re Intel Corporation Shareholder Derivative Litigation*, Case. No. 18-CIV-00170 (San Mateo Cty. – Cal. Sup. Ct.) ("state-case plaintiffs"), oppose the request. (Dkt. No. 54 ("Federal-Case Plaintiffs' Opp."); Dkt. No. 64 ("State-Case Plaintiffs' Opp.").) Having considered the respective positions, the Court finds that the two-dismissal rule does not apply here. The Court hereby **APPROVES** federal-case plaintiffs' notice of voluntary dismissal of the federal case. The federal case is thus **DISMISSED WITHOUT PREJUDICE**.

## I. BACKGROUND

Numerous and similar shareholder derivative actions were filed on behalf of Intel Corporation ("Intel") in both state and federal courts arising from certain security vulnerabilities affecting Intel chips. In state court, the first shareholder derivative complaint was filed on January 11, 2018, and in federal court, the first such complaint was filed on March 8, 2018. State-case

United States District Court
Northern District of California

plaintiffs assert claims against certain officers and directors of Intel for, *inter alia*, breach of fiduciary duty, insider trading, and violations of California Corporations Code section 25402. (*See generally* Exh. 1 to Declaration of Mark C. Molumphy ISO State-Case Plaintiffs' Motion to Intervene, Dkt. No. 58-2.) Federal-case plaintiffs assert claims for breach of fiduciary duty, waste of corporate assets, and unjust enrichment, also against certain of Intel's officers and directors. (*See generally* Dkt. No. 1-1.)

In terms of consolidation, the first state shareholder derivative action was subsequently consolidated with two other state shareholder derivative actions. Meanwhile, in federal court, *Lipovich v. Krzanich, et al.*, Case No. 18-cv-01489-JSW (the "*Lipovich* Action") and *Salsberg v. Krzanich, et al.*, Case No. 18-cv-01543-WHA (the "*Salsberg* Action") were filed on March 8, 2018 and March 12, 2018, respectively. By stipulation of the parties and a court order dated March 30, 2018, the *Lipovich* Action and the *Salsberg* Action were consolidated "for all purposes, including pre-trial proceedings and trial, into a single consolidated action" (the "Consolidated Action"), and the complaint in the *Lipovich* Action was designated the operative complaint in the Consolidated Action (the "Operative Complaint"). (Dkt. No. 21 at 1.) The third related federal action, *Birch et al. v. Krzanich, et al.*, Case No. 18-cv-02051-JSW (the "*Birch* Action"), was filed on April 4, 2018. By stipulation of the parties to the Consolidated Action and to the *Birch* Action and a court order dated May 9, 2018, the latter was consolidated into the Consolidated Action. (*See* Dkt. No. 29.) Shortly thereafter, the *Birch* Action was dismissed but subject to the Operative Complaint. (Dkt. No. 37 ("Order Dismissing *Birch* Action").)

On August 8, 2018, this Court granted, with leave to amend, a motion to dismiss the Operative Complaint for failure to plead demand futility. (Dkt. No. 44.) On September 14, 2018, in lieu of an amended consolidated complaint, federal-case plaintiffs filed a notice of voluntary dismissal of the federal case without prejudice. Federal-case defendants objected to the notice of voluntary dismissal, arguing that the dismissal of the federal case should instead be *with prejudice* pursuant to Federal Rule of Civil Procedure 41(a)(1)(B). This Court subsequently ordered full briefing on the issues raised in federal-case defendants' objection. (Dkt. Nos. 53, 55.) Meanwhile, a fourth state court derivative action, *Lockwood v. Krzanich et al.* Case No. 18-CIV-

02020 (San Mateo Cty. – Cal. Sup. Ct.) (the "*Lockwood* Action"), which had not been consolidated with the other state derivative actions, was ultimately dismissed on September 26, 2018. (*See* Exh. 1 to Declaration of Robert L. Dell Angelo ISO Federal-Case Defendants' Response to State-Case Plaintiffs' Opposition to Dismissal With Prejudice, Dkt. No. 65-2.)

On October 2, 2018, the day after briefing was complete, state-case plaintiffs filed a motion to intervene in this federal case for the sole purpose of filing a limited opposition to federal-case defendants' request for dismissal with prejudice of the federal case. The Court granted the motion, allowing state-case plaintiffs to intervene as of right pursuant to Federal Rule of Civil Procedure 24(a), and specified that the grant did not extend to any attempt to seek affirmative relief, such as a stay of the federal case.

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 41, a plaintiff may dismiss an action without a court order by filing a notice of dismissal before the defendant serves either an answer or a motion for summary judgment. *See* Fed. R. Civ. P. 41(a)(1)(A)(i). Unless the notice or stipulation states otherwise, the dismissal is without prejudice. *See* Fed. R. Civ. P. 41(a)(1)(B). However, "if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a [second] notice of dismissal operates as an adjudication on the merits." *See id*. This is often referred to as the "two[-]dismissal" rule. *See Commercial Space Mgmt. Co., Inc. v. Boeing Co., Inc.*, 193 F.3d 1074, 1075 (9th Cir. 1999). The policy behind the two-dismissal rule is to "'eliminate the annoying of a defendant by being summoned into court in successive actions and then, if no settlement is arrived, requiring him to permit the action to be dismissed and another one commenced at leisure.'" *Pickman v. Am. Express Co.*, No. C 11-05326 WHA, 2012 WL 258842, at *3 (N.D. Cal. Jan. 27, 2012) (quoting *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 397 (1990)).

Rule 41(a)(1) is "[s]ubject to" Federal Rule of Civil Procedure 23.1(c), which governs settlements, dismissals, and compromises in shareholder derivative actions. That rule in turn provides that a derivative action "may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23.1(c). Moreover, "[n]otice of a proposed settlement,

voluntary dismissal, or compromise must be given to shareholders or members in the manner that the court orders." *Id*.

**III.     DISCUSSION**

Federal-case defendants' principal contention is that, under the two-dismissal rule, federal-case plaintiffs' notice of voluntary dismissal operates as an "adjudication on the merits" under Rule 41(a)(1)(B).  Thus, they argue, the Court should "enter the dismissal **with prejudice**, to reflect its legal effect."  (Objection to Dismissal Without Prejudice and Request for Dismissal With Prejudice ("Federal-Case Defendants' Objection") at 4, Dkt. No. 52 (emphasis in original).)

In the normal course, the determination of whether a plaintiff's notice of dismissal in a second action is with prejudice falls within the province of the court in a *third* action because the plaintiff's notice of dismissal under Rule 41(a)(1) deprives the court in the second action of jurisdiction upon filing and no court order is needed to effect dismissal.  *See Commercial Space*, 193 F.3d at 1077 ("Because the dismissal is effective on filing and no court order is required, the filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subject of the notice. . . .  [T]he parties are left as though no action had been brought, the defendant can't complain, and the district court lacks jurisdiction to do anything about it.").  But because this is a *shareholder derivative suit*, federal-case plaintiffs' voluntary dismissal under Rule 41(a)(1) is "[s]ubject to Rule[] . . . 23.1(c)," which expressly *requires* a court order for dismissal to be effective.[1]  This requirement provides this Court with jurisdiction to decide whether dismissal of the federal case without prejudice is appropriate.  Federal-case plaintiffs' argument to the contrary fails, and the Court finds that the instant notice of voluntary dismissal does not require application of the two-dismissal rule.[2]

---

[1]  State-case plaintiffs' contention that the two-dismissal rule does not apply to *any* shareholder derivative action is unsupported by legal authority.  Under certain circumstances not present here, it may.

[2]  While the Court can appreciate federal-case defendants' alternative argument that "[federal-case] [p]laintiffs seek dismissal *without* prejudice only in an effort to avoid the finality implications of their inability to allege demand futility and successfully amend their complaint[,]" the lack of merit is not a reason to create a procedural rule which would do more harm than good.  (Federal-Case Defendants' Objection at 5 (emphasis in original).)

Federal-case defendants first argue for a straightforward application of the rule, contending that the instant dismissal was "preceded" by two other voluntary dismissals, thus requiring dismissal with prejudice of the federal case.  (Dkt. No. 65 at 1.)  First, they focus on the dismissal of the *Birch* Action.  Specifically, on June 13, 2018, the *Birch* plaintiffs filed a notice of voluntary dismissal, which this Court approved the following day.  This was not a traditional dismissal under Rule 41(a)(1) as the *Birch* Action had previously been consolidated with the *Lipovich* Action and the *Salsberg* Action.  Thus, the effect of the dismissal was only to dismiss the *Birch* plaintiffs from the Consolidated Action.  Indeed, the Court's order specified:  "[T]he dismissal of the *Birch* Action will not terminate the claims.  Instead, the claims will continue to be litigated by the remaining parties to the above-captioned consolidated action."  (Order Dismissing *Birch* Action at 1.)  In this context, the policy behind the two-dismissal rule is not promoted, given that in such derivative actions multiple complaints are consolidated for all purposes to proceed under one.  To find otherwise would effectively create an unnecessary procedural barrier to consolidation, and federal-case defendants have cited no authority to the contrary.

Next, federal-case defendants seize on the dismissal of the *Lockwood* Action on September 26, 2018.  However, that dismissal *succeeded* the instant dismissal by twelve days.  The Court finds persuasive authority for the proposition that a dismissal in state court may be considered for Rule 41 purposes only when the state dismissal *precedes* a dismissal in federal court, as only the dismissal in federal court can be an adjudication on the merits.  *See Rader v. Baltimore & O.R. Co.*, 108 F.2d 980, 986 (7th Cir. 1940); *see also* 9 C. Wright & A. Miller, *Federal Practice & Procedure* § 2368 (3d ed.) ("The 'two-dismissal rule' applies in federal court actions whether the first dismissal was in a state or a federal court.  It does not apply, however, if the second dismissal was in a state court.") (footnotes omitted).

With respect to the notice requirement under Rule 23.1, the Court is satisfied that none of the reasons which underlie the requirement is operative here.  There is no risk of prejudice to Intel or absent shareholders if notice is not given.  Accordingly, notice is excused.

## IV.    CONCLUSION

Based on the foregoing, the Court finds that the two-dismissal rule is inapplicable here.

The Court thus **APPROVES** federal-case plaintiffs' notice of voluntary dismissal of the federal case. The federal case is thus **DISMISSED WITHOUT PREJUDICE**.

This Order terminates Docket Number 51. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: January 24, 2019

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**